USDC- GREENBELT
'23 MAR 15 AM 10:37

KOH
RRR: USAO 2019R00740

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  CRIMINAL NO. 23-cr-00092 PJM |
| | * |
| JOHN JOSEPH BEHUN, | *  (Theft of Government Property, |
| | *  18 U.S.C. § 641; Forfeiture, 18 U.S.C. |
| Defendant | *  § 981(a)(1)(C), 21 U.S.C. § 853(p); |
| | *  28 U.S.C. § 2461(c)) |
| | * |

*******

**INFORMATION**

**COUNT ONE**
**(Theft of Government Property)**

The United States Attorney for the District of Maryland charges that:

**Introduction**

At all times relevant to this Information:

1.  Defendant **JOHN JOSEPH BEHUN** ("**BEHUN**") resided in Maryland.

2.  **BEHUN** was employed as a Section Chief, Laboratory Division, Forensic Science Support Section at the Federal Bureau of Investigation ("FBI"). **BEHUN** had been employed at the FBI since December 1, 1991, until his termination on February 5, 2019. From on or about November 14, 2004, to on or about July 27, 2018, **BEHUN** was assigned to work at the FBI Laboratory in Quantico, Virginia in a Senior Executive Service position. Thereafter, from on or about July 30, 2018, to on or about December 6, 2018, **BEHUN** was assigned to work at the FBI Headquarters, J. Edgar Hoover Building, in Washington, D.C.

3.  **BEHUN**, as an FBI employee, was required to accurately report and certify his regular hours worked, or excused with authorized leave, on a bi-weekly basis on the FBI's Web-

based Time and Attendance System ("WebTA").

4. The FBI was an agency within the United States Department of Justice ("DOJ").

**The Scheme**

5. Beginning on or about January 5, 2015, and continuing through on or about November 21, 2018, **BEHUN** regularly submitted to the FBI false and fraudulent time and attendance certifications falsely representing that he had worked certain regular hours. As a result of these false and fraudulent certifications, the FBI and the DOJ paid **BEHUN** compensation for the regular hours which he falsely certified he had worked.

6. **BEHUN** knew these certifications were false because he knew he had not worked the claimed regular hours as represented. **BEHUN** knew that, in fact, he was not at his assigned place of work for some or all of the hours that he had claimed on WebTA.

7. During 2015 through 2018, **BEHUN** falsely certified the following regular hours and received approximately $69,352.93 in compensation for unworked regular hours:

| Year | Approximate Hours Falsely Certified | Estimated Loss |
|---|---|---|
| 2015 | 183.66 | $14,325.48 |
| 2016 | 211.61 | $16,607.13 |
| 2017 | 219.83 | $17,427.88 |
| 2018 | 261.10 | $20,992.44 |

8. The FBI and the DOJ paid **BEHUN** the compensation for the unauthorized and unworked hours by causing the compensation to be deposited electronically into an account at Justice Federal Credit Union in **BEHUN**'s name and at **BEHUN**'s address in Saint Leonard, Maryland.

## The Charge

9. From on or about January 5, 2015, through on or about November 21, 2018, in the District of Maryland and elsewhere, the defendant,

**JOHN JOSEPH BEHUN,**

as part of a single course of conduct and scheme, did voluntarily, intentionally, and knowingly embezzle, steal, purloin and convert to his use money and things of value, exceeding $1,000, of the FBI and the DOJ, with an aggregate value of approximately $69,352.93, by taking and using for his benefit compensation that the FBI and the DOJ paid him for regular hours that he claimed to work but did not work, and that he knew he was not entitled to claim, receive, take and use.

18 U.S.C. § 641

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction of the offense charged in Count One of this Information.

### Theft of Government Property Forfeiture

2. Upon conviction of the offense alleged in Count One of this Information, the defendant,

**JOHN JOSEPH BEHUN,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense. The property to be forfeited includes, but is not limited to, a money judgment in the amount of at least $69,352.93 in U.S. Currency equal to the proceeds the defendant obtained as a result of his offense.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or,

   e. has been commingled with other property which cannot be subdivided

4

without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

obo:
Erek Barron /s/ Leonard Ruth
Erek. L. Barron
United States Attorney

A TRUE BILL:

_____
Foreperson

Date: March 15, 2023